## Peoria, Decatur and Evansville Railroad Co.
### v.
### James G. Lyons.

1.  Railroads—Crossing street.—It is the duty of a railroad company in constructing its track across a street to restore the street to its former state, or to such a state as not unnecessarily to impair its usefulness, and to keep such crossing in repair. ·

2.  Obstructing streets—Ten-minute limit.—Appellee sued appellant for injuries occasioned by appellant's cars obstructing the street crossing. The cars in question had been placed or left there by some boys, and without the knowledge of appellant's servants.  Held, that the ten-minute rule as found in section 52, chapter 114, revised statutes, has no application in such a case, and it was error to include that element in an instruction to the jury. It is the affirmative act of obstructing the highway that is prohibited by the above statute, and appellant could not be held liable for an act done by others, unless it had notice of such obstruction and neglected to remove it.

Appeal from the Circuit Court of Richland county; the Hon. Wm. C. Jones, Judge, presiding.  Opinion filed October 6, 1881.

Mr. John B. Cohrs and Mr. J. P. Robinson, for appellant.

Mr. J. C. Allen for appellee.

Baker, J. ·  The appellant company owned and operated a " Y " track, which extended across South street, in the city of

Olney; and about noon of Saturday, the 23rd day of October, 1880, left some of its cars standing on this switch, but not on the street crossing.   About two or three o'clock on Sunday afternoon, some boys were playing on and around these cars, started them on the down grade towards the street, and then ran away. One Barbero, who was not in the employ of the company, got on the moving cars, set the brakes, and stopped them directly across the street crossing; if he had not set the brakes the cars would not have stopped on the crossing, as the grade was to the south, and they were running in that direction.   He failed to notify any of the agents of the company of what had happened, or that the street was obstructed, and the cars remained in the same position he left them until after the injury to appellee.

On South street there was an up-grade from the east to the crossing, and the approach from that direction was about the center of the street, and from ten to twelve feet wide on top and a gradual slope up, the embankment being three feet high, twenty feet east of the crossing, and possibly six feet high close to the track.   Between seven and eight o'clock Sunday evening, appellee drove a horse and buggy up this grade, going west, until the horse stopped; he tried to urge it forward but it would not go; he then discovered a flat car standing across his road and entirely obstructing the street crossing. This flat car was between two box cars, and these box cars he had seen before he drove onto the grade.   He had crossed the street on that grade several times before; and it was a clear night, not very dark, and appellee thinks he could have seen an object the size of a man at the distance of fifty yards. When he discovered the flat car he attempted to turn round and in doing so upset the buggy and broke his right arm.

There is some testimony tending to prove that he by backing his horse down hill some thirty feet, would have reached a point where he could have driven off of the grade with ease and safety.   But, as the case must be submitted to another jury, we deem it unnecessary to discuss the evidence tending to show contributory negligence and a want of ordinary care on his part.

It was the duty of appellant, in constructing its switch-track across South street, to restore the street to its former state, or to such state as not unnecessarily to impair its usefulness, and to keep such crossing in repair. The only testimony we find in the record tending in any degree to show the condition of the street before the construction of this "Y" track, and a change for the worse at or since that time, is the statement of one witness that the crossing "is not in as good fix as before the road was built, not so wide;" this, however, we deem sufficient to justify the court in giving the third instruction for appellee, of which complaint is made.

The court in its fourth instruction for appellee, said to the jury "that if they believe from the evidence that the defendant left a car standing on their railroad switch in the night time, across a public highway or street, for a longer space of time than ten minutes; and if the jury further believe from the evidence that the plaintiff was injured in consequence thereof, without negligence on his part, then the jury should find for the plaintiff and assess his damages." The fact the car stood upon the crossing, would not, in this action, make appellant liable, except upon the theory such obstruction, in connection with the condition of the street, not only prevented appellee from pursuing his drive, but occasioned the injury while he was seeking to avoid the obstruction and using ordinary care. The ten minute rule, which was given to the jury in this instruction, and which was probably based on Section 52 of chapter 114, R. S. 1874, has no application to this case; and in that section it is the affirmative act of obstructing the public highway that is prohibited under a penalty; and the ten minutes there spoken of have application only to the exceptions provided for in the section.

In this case the company would not be liable to respond in damages for an injury caused by the cars standing upon the street crossing, unless it appeared either that it or some of its agents or employes placed them there; or were guilty of some negligence in leaving them upon the switch track in the condition in which they were there left; or that it or some proper agent had actual notice the crossing was obstructed, and rea-

sonable time to remove the obstruction; or that the crossing had been obstructed for such length of time that it would be presumed appellant had sufficient notice, upon the ground it was its duty to know and it was bound to know the existence of the obstruction from the length of time it had continued. The inquiry whether appellant had actual or constructive notice would be a question for the jury. It is manifest that for the act of the boys, and for the act of Barbero, the company could not, upon any just ground, be made responsible, without some negligence on its part in connection therewith. The instruction under consideration was not based on the testimony, and was erroneous. It affirmatively appeared from the evidence the cars were not placed on the crossing by appellant, or by any one for whom it was answerable. There can be no justice in saying, as this instruction read in the light of the testimony does say, that a mere trespasser by placing, in the night time, a car of a railroad company across a public highway and leaving it there for a longer space of time than ten minutes, can render the company liable for all injuries to persons and property occasioned thereby. The judgment is reversed and the cause remanded.

Reversed and remanded.